ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2024-Mar-29  14:08:41
04CV-24-912
C19WD06 : 10 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS

BYRON SANDOVAL PEREZ and
MARGARITA NAJERA, Husband & Wife                         PLAINTIFF


v.                          CASE NO.:  04CV-24-_____


DEETER CONSTRUCTION, INC.;
JOHANNESEN PAINTING, LLC;
RICHARD TODD ALLEN; SUSAN LYNN HEDGE;
PINNACLE PROPANE LLC;
THE SHERWIN-WILLIAMS COMPANY; and
JOHN DOES 1-10                                           DEFENDANTS


### COMPLAINT AT LAW


Comes now the Plaintiffs herein, Byron Sandoval Perez and Margarita Najera, Husband &

Wife, and for their Complaint at Law against the Defendants, Deeter Construction, Inc., Johannesen

Painting, LLC, Richard Todd Allen, Susan Lynn Hedge, Pinnacle Propane LLC, The Sherwin-

Williams Company, and John Does 1-10, state and allege as follows:

1.     That the Plaintiffs are citizens and residents of Rogers, Benton County, Arkansas.

2.     That the separate Defendant, Deeter Construction, Inc.., (hereinafter "Deeter") is a for

profit entity authorized to do, and was actually doing, business in Bella Vista, Benton County,

Arkansas, at the time of the acts alleged herein.

3.     That the separate Defendant, Johannesen Painting, LLC, (hereinafter "Johannesen")

is a for profit entity authorized to do, and was actually doing, business in Bella Vista, Benton County,

Arkansas, at the time of the acts alleged herein.

4.      That the separate Defendants, Richard Todd Allen (hereinafter "Allen") and Susan Lynn Hedge (hereinafter "Hedge"), were owners of the property where this incident occurred, at 66 Bassingham Drive, Bella Vista, Benton County, Arkansas, at the time of the acts alleged herein, and are still believed to reside in Benton County, Arkansas.

5.      That the separate Defendant, Pinnacle Propane LLC, (hereinafter "Pinnacle") is a for profit entity authorized to do, and was actually doing, business in Benton County, Arkansas, at the time of the acts alleged herein.

6.      That the separate Defendant, The Sherwin-Williams Company (hereinafter "Sherwin-Williams"), is a for profit entity authorized to do, and was actually doing, business in Benton County, Arkansas, at the time of the acts alleged herein.

7.      That John Does 1-10 are unknown at the present time. In accordance with Ark. Code Ann. § 16-56-125, attached to this Complaint at Law and filed with this Complaint at Law is the Affidavit of Plaintiffs' attorney stating the identity of separate Defendant John Does 1-10 are unknown at this time. Said John Does may be the liability insurance carrier for one or more of the parties and may be a tortfeasor (including, but not limited to, any other subcontractors or contractors involved in this incident) who breached a duty to the Plaintiffs or proximately caused damages to the Plaintiffs. The Plaintiffs reserve the right to amend the Complaint to substitute the real party of interest for separate Defendants John Does 1-10.

8.      That the acts complained of herein arose out of an incident which occurred at 66 Bassingham Drive, Bella Vista, Benton County, Arkansas, (hereinafter "subject premises") on April 2, 2021.

9.      That this Court has jurisdiction over this matter and venue is proper.

10. That on April 2, 2021, the Plaintiff Sandoval was legally, and authorized to be, on the subject premises to perform painting services for which he was hired to provide.

11. That the Plaintiff Sandoval had been hired and/or retained by Defendant Johannesen to perform the painting services at the subject premises.

12. That on April 2, 2021, the Plaintiff Sandoval was prepping the subject premises to spray paint when he was told, or lead to believe, by subject premises owners, Defendants Allen and/or Hedge, that the furnaces, gas and other potentially flammable appliances or sources, were turned off or deactivated so as not to pose a fire hazard and that he could proceed to paint.

13. That the Plaintiff Sandoval was further advised, or lead to believe, by Defendants Deeter and Johannesen, or their agents or representatives, that the furnaces, gas and other potentially flammable appliances or sources, were turned off or deactivated so as not to pose a fire hazard and that he could proceed to paint.

14. That with the above understanding, and with the reasonable expectation that there was nothing that posed a flammable risk to the Plaintiff Sandoval, he started to spray paint.

15. That on April 2, 2021, within moments of the Plaintiff beginning spray paint, an explosion occurred resulting in the Plaintiff Sandoval catching fire and resulting in life threatening burns over all of his body causing him to be air flighted to Springfield, Missouri, and hospitalized for approximately one month.

16. That at this time, the Plaintiffs have reason to believe that the paint that was used caused, contributed to or were a factor in the incident herein described at the subject premises and was manufactured, labeled, supplied and/or distributed by Defendant Sherwin-Williams and that said product design, manufacturing, distribution and/or labeling was done in such a manner as to expose the Plaintiff Sandoval to the risk of injury like that he sustained in this case.

17.    That at this time, the Plaintiffs have reason to believe that there were propane tanks that caused, contributed to or were a factor in the incident herein described at the subject premises and that said propane tanks were manufactured, labeled, supplied and/or distributed by Defendant Pinnacle and that said product design, manufacturing, distribution and/or labeling was done in such a manner as to expose the Plaintiff Sandoval to the risk of injury like that he sustained in this case.

## NEGLIGENCE OF DEFENDANTS DEETER AND JOHANNESEN

18.    That the Plaintiffs incorporate and reaffirm, as if repeated word for word, the allegations contained in paragraphs 1-17.

19.    That the above described incident was proximately caused by the negligence of the Defendants Deeter and Johannesen said negligent acts include, but are not limited to, the following:

a.    Failing to ensure that the gas, furnace and/or other flammable appliances or and sources were turned off or otherwise disengaged prior to the Plaintiff Sandoval painting;

b.    Failing to warn the Plaintiff of the dangerous condition of the premises;

c.    Failing to turn off the gas and/or other flammable items prior to the Plaintiff spraying;

d.    Leaving the gas heater on and/or other flammable items or sources on and around without the Plaintiff Sandoval's knowledge or otherwise warning the Plaintiff Sandoval of the dangerous condition of the subject premises;

e.    Failing to provide a safe work environment in violations of OSHA, State and Federal laws, and other customs and norms in the industry;

f.    Failing to use ordinary care to maintain the subject premises in a reasonable safe condition for the Plaintiff safely perform his work;

g.    Exposing the Plaintiff to a dangerous condition without his knowledge;

h.    Failing to ensure that the gas and other flammable items were either turned off or removed from the premises prior to the Plaintiff spraying;

I.    Directing and authorizing the Plaintiff to paint in an area where they knew, or should have known, of the dangerous exposure they caused the Plaintiff.

j.    Failing to affirmatively ensure that the environment Plaintiff Sandoval was working was free of flammable hazards.

20.    That as a proximate result of the negligence of these Defendants, individually as well as jointly and severally, the Plaintiff Sandoval suffered injuries of a temporary and permanent nature, has incurred pain and suffering in the past, and will continue to incur pain and suffering in the future; has incurred medical bills in the past, and will continue to incur medical bills in the future; has incurred a loss of earnings and earning capacity, both in the past and in the future; has incurred scarring and disfigurement; permanent injury and a loss of enjoyment of life; all for an amount in excess of that required by federal jurisdiction and diversity of citizenship cases.

21.    That at the time of the incident, the Plaintiff, Byron Sandoval Perez, was married to Margarita Nejara. That Margarita Nejara is entitled to loss of consortium sustained as a direct and proximate result of the above referenced negligent acts. Said loss of consortium includes, but is not limited to, loss of society, services, companionship and marriage relationship of Byron Sandoval Perez.

## NEGLIGENCE OF DEFENDANTS ALLEN AND HEDGE

22.    That the Plaintiffs incorporate and reaffirm, as if repeated word for word, the allegations contained in paragraphs 1-21.

23.    That the above described incident was proximately caused by the negligence of the Defendants Allen and Hedge said negligent acts include, but are not limited to, the following:

a.    Failing to ensure that the gas, furnace and/or other flammable appliances or and sources were turned off or otherwise disengaged prior to the Plaintiff Sandoval painting;

b.    Failing to warn the Plaintiff of the dangerous condition of the premises;

c.    Failing to turn off the gas and/or other flammable items prior to the Plaintiff spraying;

d.    Leaving the gas heater on and/or other flammable items or sources on and around without the Plaintiff Sandoval's knowledge or otherwise warning the Plaintiff Sandoval of the dangerous condition of the subject premises;

e.    Failing to provide a safe work environment in violations of OSHA, State and Federal laws, and other customs and norms in the industry;

f.    Failing to use ordinary care to maintain the subject premises in a reasonable safe condition for the Plaintiff safely perform his work;

g.    Exposing the Plaintiff to a dangerous condition without his knowledge;

h.    Failing to ensure that the gas and other flammable items were either turned off or removed from the premises prior to the Plaintiff spraying;

i.    Directing and authorizing the Plaintiff to paint in an area where they knew, or should have known, of the dangerous exposure they caused the Plaintiff.

j.    Failing to affirmatively ensure that the environment Plaintiff Sandoval was working was free of flammable hazards.

24.    That as a proximate result of the negligence of these Defendants, individually as well as jointly and severally, the Plaintiff Sandoval suffered injuries of a temporary and permanent nature, has incurred pain and suffering in the past, and will continue to incur pain and suffering in the future; has incurred medical bills in the past, and will continue to incur medical bills in the future; has incurred a loss of earnings and earning capacity, both in the past and in the future; has incurred scarring and disfigurement; permanent injury and a loss of enjoyment of life; all for an amount in excess of that required by federal jurisdiction and diversity of citizenship cases.

25.    That at the time of the incident, the Plaintiff, Byron Sandoval Perez, was married to Margarita Nejara. That Margarita Nejara is entitled to loss of consortium sustained as a direct and proximate result of the above referenced negligent acts. Said loss of consortium includes, but is not limited to, loss of society, services, companionship and marriage relationship of Byron Sandoval Perez.

## NEGLIGENCE OF DEFENDANTS SHERWIN-WILLIAMS AND PINNACLE

26. That the Plaintiffs incorporate and reaffirm, as if repeated word for word, the allegations contained in paragraphs 1-25.

27. That the Plaintiffs bring this strict liability claim against said Defendants for defective design, failure to warn and negligence.

28. At all relative times said Defendants engaged in the business of testing, developing, designing, manufacturing, marketing, selling and distributing their respective products which were defective and unreasonably dangerous to consumers and users, including the Plaintiff Sandoval, thereby placing their respective products into the stream of commerce.

29. At all relative times said Defendants products were manufactured, designed, and labeled in an unsafe, defective, and inherently dangerous manner that was dangerous for use by, or exposure to, the public, including the Plaintiff Sandoval.

30. At all relative times said Defendants knew or had reason to know that their respective products were defective and were inherently dangerous and unsafe when used in the manner instructed and provided by Defendants.

31. That said Defendants could have provided warnings and labeling to the public, including the Plaintiff Sandoval, regarding the risks of painting in an enclosed environment while using or near their respective products when they knew or should have known of the unreasonable risk of harm associated with said use and/or exposure to such products as used by and/or exposed to as the Plaintiff Sandoval was in this case.

32. That said Defendants had a duty to the public, including Plaintiff Sandoval, to design, manufacture, market, sell, distribute and/or label their products in such a manner as to avoid and prevent an unreasonable risk of harm to the public, as well the Plaintiff Sandoval.

33.    That said Defendants breached their duty to Plaintiff Sandoval by failing to warn of the inherent dangers in using or painting in and around their respective products.

34.    That as a proximate result of the negligence of these Defendants, individually as well as jointly and severally, the Plaintiff Sandoval suffered injuries of a temporary and permanent nature, has incurred pain and suffering in the past, and will continue to incur pain and suffering in the future; has incurred medical bills in the past, and will continue to incur medical bills in the future; has incurred a loss of earnings and earning capacity, both in the past and in the future; has incurred scarring and disfigurement; permanent injury and a loss of enjoyment of life; all for an amount in excess of that required by federal jurisdiction and diversity of citizenship cases.

35.    That at the time of the incident, the Plaintiff, Byron Sandoval Perez, was married to Margarita Nejara.  That Margarita Nejara is entitled to loss of consortium sustained as a direct and proximate result of the above referenced negligent acts.  Said loss of consortium includes, but is not limited to, loss of society, services, companionship and marriage relationship of Byron Sandoval Perez

36.    That Plaintiffs demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Byron Sandoval Perez and Margarita Najera, Husband & Wife, pray for judgment against the Defendants, Deeter Construction, Inc., Johannesen Painting, LLC, Richard Todd Allen, Susan Lynn Hedge, Pinnacle Propane, LLC, The Sherwin-Williams Company, and John Does 1-10, for damages as set forth above for an amount in excess of that required by federal jurisdiction in diversity of citizenship cases, and for any and all other relief to which the Court may deem them entitled.

Respectfully submitted,

BYRON SANDOVAL PEREZ and
MARGARITA NAJERA, Husband & Wife,
Plaintiffs

BY:  _____
TIMOTHY J. MYERS  #93110
MYERS & WOODS LAW FIRM, PLLC
P. O. BOX 8370
FAYETTEVILLE, AR  72703
(479) 485-0500
Email: tmyers@myerswoodslaw.com

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS

BYRON SANDOVAL PEREZ and
MARGARITA NAJERA, Husband & Wife                                   PLAINTIFF

v.                                        CASE NO.:  04CV-24-_____

DEETER CONSTRUCTION, INC.;
JOHANNESEN PAINTING, LLC;
RICHARD TODD ALLEN; SUSAN LYNN HEDGE;
PINNACLE PROPANE, LLC;
THE SHERWIN-WILLIAMS COMPANY; and
JOHN DOES 1-10                                                     DEFENDANTS

## AFFIDAVIT

STATE OF ARKANSAS          )
                           ) ss.
COUNTY OF BENTON           )

I, Timothy J. Myers, attorney for the Plaintiffs, Byron Sandoval Perez and Margarita Najera, Husband & Wife, after first being duly sworn do state as follows:

1.    That upon information and belief there are parties whose identity is unknown at this time.

2.    That these unknown parties have been designated in the Plaintiffs' Complaint as John Does No. 1-10.

3.    That these unknown parties include, but are not limited to, any liability insurance company or companies for the named Defendants.

FURTHER, AFFIANT SAYETH NOT.

_____
TIMOTHY J. MYERS

SUBSCRIBED and SWORN to before me, a Notary Public, on the 29th day of March, 2024.

_____
NOTARY PUBLIC

My Commission Expires: